PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VIVIAN LAWON FERGUSON, ) | |
| ) | CASE NO. 4:16CV0271 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| ACTING COMMISSIONER OF ) | **MEMORANDUM OF OPINION** |
| SOCIAL SECURITY ) | **AND ORDER RE: AFFIRMING** |
| ) | **COMMISSIONER'S DECISION** |
| Defendant. ) | [Resolving ECF No. 20] |

An Administrative Law Judge ("ALJ") denied Plaintiff Vivian Lawon Ferguson's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing held on June 4, 2014 in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge James R. Knepp, II for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation (ECF No. 19) reasoning that the Commissioner's decision that Plaintiff is not

---

[1] Carolyn W. Colvin was the original Defendant. She was sued in an official capacity as a public officer. On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Berryhill's name has been automatically substituted as a party.

(4:16CV0271)

disabled is supported by substantial evidence, and recommending the Commissioner's decision denying benefits be affirmed. *See* ECF No. 19 at PageID #: 759.

**I.**

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Brown v. Astrue*, 649 F.3d 193, 195-96 (3d Cir. 2011) (discussing the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health*

(4:16CV0271)

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

Plaintiff's disability claim is mainly based on back pain and breathing problems. In order

(4:16CV0271)

for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).

## II.

The Court has reviewed the Report and Recommendation (ECF No. 19) of the magistrate judge *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 20) and Defendant's Response (ECF No. 21). Plaintiff objects to the magistrate judge's finding that the ALJ's credibility determination of Plaintiff's statements regarding her symptoms is supported by substantial evidence. ECF No. 19 at PageID #: 752. Plaintiff argues "the ALJ did not consider the totality of the evidence, including notations by Ferguson's treating physician regarding her shortness of breath and wheezing." ECF No. 20 at PageID #: 762. This objection lacks merit. The magistrate judge explained how the ALJ's findings constituted substantial evidence in support of the conclusion that Plaintiff's respiratory impairment was not as limiting as she alleged. *See* ECF No. 19 at PageID #: 754-55. Furthermore, an ALJ is not "required to discuss each piece of data in its opinion, so long as [she] consider[s] the evidence as a whole and

(4:16CV0271)

reach[es] a reasoned conclusion." *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 Fed.Appx. 195, 199 (6th Cir. 2010); *Paskewitz v. Astrue*, No. 1:11CV2371, 2012 WL 5845357, at *11 (N.D. Ohio Oct. 29, 2012) (Burke, M.J.) (finding "the failure of the ALJ to reference certain pieces of evidence, standing alone, does not constitute reversible error") *report and recommendation approved*, No. 1:11CV2371, 2012 WL 5845370 (N.D. Ohio Nov. 19, 2012) (Polster, J.).

Next, Plaintiff objects that the magistrate judge found "no error in the ALJ's decision to give great weight to the opinions of [Drs. Pyle and Jimenez-Medina,] the state agency reviewers." ECF No. 19 at PageID #: 756. Plaintiff argues the June 4, 2014 hearing occurred at least eighteen months after the last record considered by the reviewing physicians. During that time, several additional medical records were added to the record. ECF No. 20 at PageID #: 762. Plaintiff, however, has not controverted the magistrate judge's conclusion that she has not alleged any "significant change or medical evidence in the record after January 2013, when the second state agency physician reviewed the file and rendered an opinion." ECF No. 19 at PageID #: 758. Accordingly, as the magistrate judge explained, it was appropriate for the ALJ to "assign[ ] great weight to [the state agency physicians'] uncontested opinions, which are a reliable source upon which to base" a residual functional capacity determination. ECF No. 19 at PageID #: 757.

Finally, Plaintiff objects in conclusory fashion that "the ALJ failed to consider the cumulative effects of Ferguson's severe impairments." ECF No. 20 at PageID #: 763. A review of the ALJ's written decision (ECF No. 12 at PageID #: 71-80), however, reveals that she reviewed the record in this case, and stated she considered all impairments (ECF No. 12 at

5

(4:16CV0271)

PageID #: 72), the entire record (ECF No. 12 at PageID #: 74), and all symptoms (ECF No. 12 at PageID #: 75). Given the ALJ's discussion of Plaintiff's impairments, Plaintiff's objection is not supported by the record.

### III.

Accordingly, Plaintiff's Objections (ECF No. 20) are overruled and the Report and Recommendation (ECF No. 19) of the magistrate judge is hereby adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
| March 17, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |